IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

| | | |
|---|---|---|
| LAURIE EXBY-STOLLEY, | ) | |
| | ) | |
|     Plaintiff-Appellant, | ) | |
| v. | ) | Case No. 16-1412 |
| BOARD OF COUNTY COMMISSIONERS, | ) | |
| WELD COUNTY, COLORADO | ) | |
| | ) | |
|     Defendant-Appellee. | ) | |

_____

**RESPONSE IN OPPOSITION TO PETITION FOR REHEARING EN
BANC**
_____

On appeal from the United States District Court
for the District of Colorado
The Honorable Judge Wiley Y. Daniel
Civil Action No. 1:13-CV-01395-WYD-NYW

November 5, 2018

Alan Epstein
Thomas J. Lyons
Mark S. Ratner
HALL & EVANS, L.L.C.
1001 17th Street, Suite 300
Denver, CO 80202
Phone:  (303) 628-3300
Fax:     (303) 628-3368
epsteina@hallevans.com
lyonst@hallevans.com
ratnerm@hallevans.com

**ATTORNEYS FOR DEFENDANT**

**TABLE OF CONTENTS**

PAGE

STATEMENT OF REASONS FOR DENYING PETITION ...................................1

INTRODUCTION ..........................................................................................3

ISSUE ON REHEARING................................................................................4

LEGAL ARGUMENT ....................................................................................4

CONCLUSION ..............................................................................................9

CERTIFICATE OF PRIVACY REDACTIONS ...................................................10

CERTIFICATE OF HARD COPY SUBMISSION ...............................................10

CERTIFICATION OF DIGITAL SUBMISSION.................................................10

3368863.1

# TABLE OF AUTHORITIES

**Cases**

*Bergeron v. Cabral*,
   560 F.3d 1 (1st Cir. 2009) ................................................................ 5

*Bettendorf v. Commissioner*,
   49 F.2d 173 (8th Cir. 1931) .............................................................. 3

*Burlington N. & Santa Fe Ry. v. White*,
   548 U.S. 53 (2006) .......................................................................... 6

*Davis v. Team Elec. Co.*,
   520 F.3d 1080 (9th Cir. 2008) ......................................................... 5

*Exby-Stolley v. Bd. of Cty. Comm'rs*,
   2018 U.S. App. LEXIS 28652 (10th Cir. 2018) ....................... passim

*Jones v. SEPTA*,
   796 F.3d 323 (3d Cir. 2015) ............................................................ 5

*Kidd v. Mando Am. Corp.*,
   731 F.3d 1196 (11th Cir. 2013) ....................................................... 5

*Mathirampuzha v. Potter*,
   548 F.3d 70 (2d Cir. 2008) .............................................................. 5

*Michael v. Caterpillar Fin. Servs. Corp.*,
   496 F.3d 584 (6th Cir. 2007) ........................................................... 5

*Power v. Summers*,
   226 F.3d 815 (7th Cir. 2000) ........................................................... 5

*Thompson v. City of Waco*,
   764 F.3d 500 (5th Cir. 2014) ........................................................... 5

*United States v. Crawley*,
   837 F.2d 291 (7th Cir. 1988) ........................................................... 7

***United States v. Rosciano***,
   499 F.2d 173 (7th Cir. 1974) .................................................................... passim

***W.P.R. Corp. v. W.P.R. Co.***,
   345 U.S. 247 (1953) ................................................................................... 2

**Statutes and Other Authorities**

42 U.S.C. § 12112 ........................................................................... passim

Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 (2012) .... passim

42 U.S.C. § 2000e-3 ........................................................................... 5, 6

Fed. R. App. P. 35(a) ....................................................................... passim

3368863.1

## STATEMENT OF REASONS FOR DENYING PETITION

Defendant-Appellee, Board of County Commissioners, Weld County, Colorado ("Weld County"), pursuant to the Court's Order, submits the following as their Response in Opposition to Plaintiff-Appellant Laurie Exby-Stolley's ("Exby-Stolley") Petition for Rehearing En Banc ("Petition"). The Petition should be denied as Exby-Stolley fails to satisfy any of the criteria allowing for such a rehearing, pursuant to Fed. R. App. P. 35. Fed. R. App. P. 35 provides for en banc hearing reconsideration when (1) it is necessary to secure or maintain uniformity of the court's decisions; or (2) the proceeding involves a question of exceptional importance. Fed. R. App. P. 35(a)(1) and (2). "Exceptional importance" means, for example, the decision involves an issue on which the panel decision conflicts with the authoritative decisions of other United State Courts of Appeals that have addressed the issue. Fed. R. App. P. 35(b)(1)(B). Further, Rule 35 mandates the petition must identify a decision of the United States Supreme Court or of the court to which the petition is addressed, that conflicts with the Appellate decision for which the petition seeks to have reviewed. Plaintiff does not establish any of these criteria.

The Appellate Opinion ("Opinion") is clear, unambiguous, and well-supported in its conclusion that an "adverse employment decision" is a required

element for a failure to provide a reasonable accommodation claim.  As identified by the Majority Panel of the Appellate Court ("Majority Panel"), "(n)o Tenth Circuit precedent is to the contrary." *Exby-Stolley v. Bd. of County Comm'Rs*, 2018 U.S. App. LEXIS 28652 at *25-26 (10th Cir. 2018). Plaintiff-Appellant identifies no such precedent in her Petition.  Additionally, the cases relied on by Plaintiff-Appellant which she believes controls the issue of adverse employment action as an element of an accommodation claim, have already been interpreted by the Majority Panel and found not to control.   The Majority Panel also acknowledges searching for a published opinion that discusses whether an adverse employment action is or is not required in a failure to accommodate claim, where the answer affected the outcome of an appeal.  The Majority Panel concludes, "not a single published opinion has even mentioned that the question was raised by a party, nor is there a single published opinion in which the answer to the question would have affected the outcome of the appeal." *Exby-Stolley*, 2018 U.S. App. LEXIS at *26.

"The function of en banc hearing is not to review alleged errors for the benefit of losing litigants." *United States v. Rosciano*, 499 F.2d 173 (7th Cir. 1974) citing *Western Pacific R.R. Corp. v. Western Pacific R.R. Co*., 345 U.S. 247, 256-259 (1953) and Fed. R. App. P. 35(b).  The purpose of an en banc

rehearing, rather, is to maintain uniformity of the Court's decisions. *Rosciano*, 49 F.2d at 175, referring to Fed. R. App. P. 35(a). Here, Plaintiff-Appellant never identifies any new or inconsistent determination made by the Tenth Circuit that might undermine the Majority Panel's decision in this matter. Faced with the absence of any such decision, it appears Plaintiff-Appellant asserts only her dissatisfaction with the outcome, as opposed to seeking uniformity of the Court's decisions. The Petition should be denied.

## INTRODUCTION

Plaintiff, Laurie Exby-Stolley brought this action against defendant, Weld County, alleging that she was discharged from employment in violation of the Americans with Disabilities Act, as Amended ("ADAAA"), 42 U.S.C. § 12101, et seq. After trial, the jury returned a verdict for Weld County, finding that Exby-Stolley proved a disability as defined in the jury instructions, at the time of the employment actions in question and that she was a qualified individual with a disability under the ADAAA. *Exby-Stolley*, 2018 U.S. App. LEXIS at *9. The jury concluded, however, Exby-Stolley did not prove by a preponderance of the evidence that she was discharged from employment, not promoted, or suffered other adverse action by the County. *Exby-Stolley*, 2018 U.S. App. LEXIS at *10. A verdict, therefore, was entered in favor of Weld County.

## ISSUE ON REHEARING

Plaintiff-Appellant seeks a rehearing on the sole ground that a Plaintiff is not required to establish an adverse employment action as an element of a failure to accommodate claim (Appellant's Brief at 3).

As set forth above, Weld County objects to Plaintiff-Appellant's Petition for Rehearing, as she fails to establish any of the criteria required for such a request.

## LEGAL ARGUMENT

The notion that an adverse employment action is an element of a failure to accommodate claim, was properly analyzed and endorsed by the Majority Panel. *Exby-Stolley*, 2018 U.S. App. LEXIS at *11. Specifically, the Court exhaustively analyzed the applicable statutory language and identified the need for a plaintiff to establish not only discrimination, but pursuant to the express language of the Statute, discrimination in the terms, conditions, and privileges of employment. *Exby-Stolley*, 2018 U.S. App. LEXIS at *15. "The in-regard-to clause…is what requires proof of an adverse employment action." *Exby-Stolley*, 2018 U.S. App. LEXIS at *12. The Majority Panel acknowledged the term "adverse employment action" does not appear in the ADA, but also correctly noted the phrase is well-established legal nomenclature, identified in judicial opinions and characterized as "judicial shorthand." In support, for example, the Appellate Court points out the

language of 42 U.S.C. § 12112(a) "tracks similar language from Title VII of the Civil Rights Act of 1964" and that in Title VII cases, "when federal courts speak of an 'adverse employment action,' they are referring to the language identifying discrimination of compensation, terms, conditions or privileges of employment. *Exby-Stolley*, 2018 U.S. App. LEXIS at *13-14. Proper reference by the Appellate Court is provided respecting the use of this judicial shorthand in the opinions of other circuits. *Exby-Stolley*, 2018 U.S. App. LEXIS at *13-14 citing ***Power v. Summers***, 226 F.3d 815, 820 (7th Cir. 2000), and referring to ***Bergeron v. Cabral***, 560 F.3d 1, 7-8 (1st Cir. 2009); ***Mathirampuzha v. Potter***, 548 F.3d 70, 78 (2d Cir. 2008); ***Jones v. Se. Pa. Transp. Auth***., 796 F.3d 323, 326 (3d Cir. 2015); ***Thompson v City of Waco***, 764 F.3d 500, 503 (5th Cir. 2014); ***Michael Caterpillar v. Fin. Servs. Corp***., 496 F.3d 584, 593 (6th Cir. 2007); ***Davis v. Team Elec. Co***., 520 F.3d 1080, 1089 (9th Cir. 2008); ***Kidd v. Mando Am. Corp.,*** 731 F.3d 1196, 1203 (11th Cir. 2013). The Appellate Court also recognizes the Supreme Court's apparent connection between an "adverse employment action" and the statutory terms and conditions employment language, when it addressed the retaliation provision of Title VII, and concluded this provision does not include the same language found in the antidiscrimination provisions of both Title VII and the ADA. *Exby-Stolley*, 2018 U.S. App. LEXIS at *14, ftnt. 2 referring to 42 U.S.C. § 2000e-

3 and ***Burlington Northern & Santa Fe Railway Co. v. White***, 548 U.S. 53, 60 (2006) (The Supreme Court reversed the circuit courts determination plaintiff in a retaliatory-action claim must prove an adverse employment action, as any such language was absent).

In continuation of their analysis, the Majority Panel correctly identified the respective terms and conditions of employment language, with the statutory language providing for an entity to avoid liability by demonstrating the requested accommodation would impose an undue hardship on the operation of the business of such covered entity. This language supports the notion that an adverse employment action is a necessary element of a failure to accommodate claim, based on the Statutory language of § 12112. ***Exby-Stolley***, 2018 U.S. App. LEXIS at *15.

The Court went on to further establish that mere proof of an entity failing to provide a reasonable accommodation was not enough for a plaintiff to prevail, based on the language of § 12112. The language of § 12112(a) also provides that, in conjunction with establishing a failure to accommodate, a plaintiff must also show that said failure was in regard to job application procedures and other terms of employment. ***Exby-Stolley***, 2018 U.S. App. LEXIS at *17-18. "Even after proof of a failure to accommodate, there remains the requirement that the

discrimination be 'in regard to job application procedures, . . . [or] other terms, conditions, or privileges of employment.'"  That is, the employee still needs to prove this component of an ADA discrimination claim based, to complete the analysis based on a failure to accommodate. *Exby-Stolley*, 2018 U.S. App. LEXIS at *18.

Plaintiff provides the Court with no pertinent Supreme Court or Appellate Court decision contrary to the analysis set forth in the *Exby-Stolley* opinion. Instead, she provides the Appellate Court with opinions notable for the absence of any proper reference with respect to the notion that an adverse employment decision is not an element of a failure to accommodate claim.  The Majority Panel also address Plaintiff's reliance on opinions expressing either an incomplete analysis with respect to a failure to provide a reasonable accommodation claim or reference to "nothing more" than dicta.  As pointed out by the Majority Panel, "(t)here are sound jurisprudential reasons for not binding a later panel to dicta: 'One is that the passage was unnecessary to the outcome of the earlier case and therefore perhaps not as fully considered as it would have been if it were essential to the outcome.'" *Exby-Stolley*, 2018 U.S. App. LEXIS at *27 citing Garner, *The Law of Judicial Precedent* ch. 4 at 66, quoting *United States v. Crawley*, 837 F.2d 291, 292 (7th Cir. 1988).  "In this light, it is easy to see why the opinions of this

court relied upon by Plaintiff do not establish precedent that an adverse employment action is not required to establish an ADA claim based on a failure to accommodate. "To begin with, as previously noted, none of the opinions indicated that the issue had been raised by a party and none discussed the merits of the issue." *Exby-Stolley*, 2018 U.S. App. LEXIS at *28.

The Appellate Court also properly addressed any argument that silence in an opinion with respect to whether adverse employment action is an element of a failure to accommodate claim, is somehow an endorsement of Plaintiff's position. "But in any event, silence – the complete failure even to discuss an issue, such as whether an adverse employment action is a required element of the claim – is not a holding, however thundering, particularly when no party has raised the issue." *Exby-Stolley*, 2018 U.S. App. LEXIS at *31. "In none of the Tenth Circuit decisions relied on by the dissent were *any* of these conditions satisfied: whether an adverse employment action was an element of the claim would not have affected the result, there is no indication that the issue was argued, and the opinions offered no reasoning why an adverse employment action would not be an element." *Exby-Stolley*, 2018 U.S. App. LEXIS at *32 (ftnt. omitted) (emphasis in original).

Lastly the Majority Panel properly hypothesized why this issue of an adverse employment decision as an element of a failure to accommodate claim was not raised before, and why Plaintiff-Appellant cannot procure a contrary decision to satisfy her burden for a rehearing en banc. "One reason that the issue before us has never been squarely decided by a prior circuit opinion is that it is unlikely that an employee would pursue a failure-to-accommodate claim when there has been no adverse employment action. Certainly, Plaintiff here rested her hopes on the jury's belief that she had been fired or forced to resign" rather than leave her employment on her own accord. *Exby-Stolley*, 2018 U.S. App. LEXIS at *38, ftnt. 10. Additionally, that the jury refused to find in her favor must reflect that she failed to establish any claim of discrimination or that she resigned under circumstances reflecting no discrimination, at the very least supporting the Majority Panel's decision she failed to prove an adverse employment decision as an element of her case.

## CONCLUSION

Plaintiff-Appellant fails to meet her burden for a rehearing en banc, and the Petition should be denied.

**CERTIFICATE OF COMPLIANCE WITH FED. R. APP. P. 32(a)(7)**

The undersigned hereby certifies this Answer Brief is proportionally spaced and is printed in the Times Roman Font with a point size 14 and contains 1,973 words. I relied on my word processor (Office 2013) to obtain the count. This word count excludes those sections not appropriately included in the word count pursuant to Fed.R.App.P.32(a)(7)(B)(iii).

**CERTIFICATE OF PRIVACY REDACTIONS**

The undersigned hereby certifies this Response Brief contains all required privacy redactions pursuant to 10th Cir. R. 25.5 (there are none).

**CERTIFICATE OF HARD COPY SUBMISSION**

The undersigned hereby certifies the hard copies of this Response Brief submitted to the Court are exact copies of the version submitted electronically.

**CERTIFICATION OF DIGITAL SUBMISSION**

The undersigned hereby certifies that this document is submitted in Digital PDF and has been scanned for viruses with Sophos End Point Security (updated daily), and is free of viruses.

DATED this 5th day of November, 2018.

Respectfully submitted,

s/Mark S. Ratner
Alan Epstein
Thomas J. Lyons
Mark S. Ratner
HALL & EVANS, L.L.C.
1001 Seventeenth Street, Suite 300
Denver, Colorado 80202
epsteina@hallevans.com
lyonst@hallevans.com
ratnerm@hallevans.com

## <u>CERTIFICATE OF SERVICE (CM/ECF)</u>

I hereby certify that on this 5th day of November, 2018, I filed and served a copy of the foregoing **RESPONSE IN OPPOSITION TO PETITION FOR REHEARING EN BANC** through the CM/ECF, addressed to:

Jason Bryan Wesoky
jwesocky@dmhlaw.net

Bruce G. Smith
bsmith@dmhlaw.net

*s/  Denise Y. Gutierrez, Secretary to*
Alan Epstein
Thomas J. Lyons
Mark S. Ratner
HALL & EVANS, L.L.C.
1001 Seventeenth Street, Suite 300
Denver, Colorado 80202
Telephone:  303-628-3300
Facsimile:  303-628-3368
epsteina@hallevans.com
lyonst@hallevans.com
ratnerm@hallevans.com
