FILED
United States Court of Appeals
Tenth Circuit

December 18, 2018

Elisabeth A. Shumaker
Clerk of Court

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

LAURIE EXBY-STOLLEY,

    Plaintiff - Appellant,

v.

BOARD OF COUNTY COMMISSIONERS, WELD COUNTY, COLORADO,

    Defendant - Appellee.

No. 16-1412

_____

**ORDER**
_____

Before **TYMKOVICH**, Chief Judge, **BRISCOE**, **LUCERO**, **HARTZ**, **HOLMES**, **MATHESON**, **BACHARACH**, **PHILLIPS**, **McHUGH**, **MORITZ**, **EID**, and **CARSON**, Circuit Judges.[*]
_____

This matter is before the court on the appellant's *Petition for Rehearing En Banc*.

We also have a response from the appellee, and a motion from the Colorado Plaintiff

Employment Lawyers Association, et al., seeking leave to file an amicus curiae brief.

---

[*] The Honorable Paul J. Kelly did not vote on the poll, but as a member of the original hearing panel he has elected to sit on the en banc panel. *See* 10th Cir. R. 35.5.

As an initial matter, and upon consideration, the motion seeking leave to file an amicus curiae brief on rehearing is granted. The brief submitted on November 2, 2018 shall be shown filed effective the date of this order.

The *Petition* and response were circulated to all active judges on the court. Upon that review a poll was called, and a majority voted to rehear this matter en banc. Accordingly, the *Petition* is GRANTED. *See* Fed. R. App. P. 35(a); *see also* 10th Cir. R. 35.6 (noting the effect of the grant of en banc rehearing is to vacate the judgment and to restore the case on the docket).

We have en banced the entire case, but we request the parties to address specifically the following question in supplemental memorandum briefs:

> Whether an adverse employment action is a requisite element of a failure-to-accommodate claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101–213.

The appellant's supplemental brief shall be filed on or before January 18, 2019 and shall be limited to 25 pages in length in a 13 or 14 point font. In addition, within 2 business days of the electronic filing 16 hard copies must be received in the Office of the Clerk. On or before Tuesday February 19, 2019 the appellee shall file a memorandum response brief subject to the same limitations. Like the appellant's brief, 16 hard copies must be received in the clerk's office within 2 business days.

Within 14 days of service of the memorandum response brief the appellant may file a reply. The reply shall be limited to 10 pages in length. Like the primary supplemental briefs, 16 hard copies of the reply must be received in the clerk's office within 2 business days.

The court anticipates setting this matter for hearing on the May 2019 oral argument calendar. That calendar is currently set for the week of May 6-10, 2019. In light of that setting, motions for extension of time are strongly discouraged. The parties will be advised of the exact date and time for the hearing when that calendar is set.

                                        Entered for the Court

                                        ELISABETH A. SHUMAKER, Clerk