IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

_____

No. 16-1412
En Banc Oral Argument Tentatively Scheduled For The Week Of May 6-10, 2019

LAURIE EXBY-STOLLEY,

Plaintiff-Appellant

v.

BOARD OF COUNTY COMMISSIONERS, WELD COUNTY COLORADO,

Defendant-Appellee

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
_____

MOTION OF THE UNITED STATES FOR AN EXTENSION OF TIME TO
FILE AN EN BANC BRIEF AS AMICUS CURIAE
_____

Pursuant to Federal Rules of Appellate Procedure 27 and 29, and Circuit Rule 27.6, the United States respectfully requests that this Court extend the United States' filing deadline for an en banc amicus brief to: (1) 30 days after funding is restored to the Department of Justice; or (2) 30 days prior to en banc oral argument in this case, whichever is earlier. In support of this motion, the United States provides as follows:

1. On December 18, 2018, this Court issued an order granting rehearing en banc in this case. The Court stated in its order that it anticipates setting oral argument for the week of May 6-10, 2019. Under Federal Rule of Appellate Procedure 29 and the briefing schedule set for this case, the deadline for the United States to file an amicus brief without the consent of the parties or leave of this Court is January 25, 2019 (if supporting appellant or not supporting either party) or February 26, 2019 (if supporting appellee). See Fed. R. App. P. 29(a)(2) and (a)(6).

2. This case presents an important question under Title I of the Americans with Disabilities Act (ADA) regarding the provision of reasonable accommodations to employees with a known disability. See 42 U.S.C. 12112(b)(5)(A). Specifically, in its order granting rehearing en banc, this Court asked the parties to address "[w]hether an adverse employment action is a requisite element of a failure-to-accommodate claim." The Department of Justice and the Equal Employment Opportunity Commission share enforcement and rulemaking authority under the ADA, see 42 U.S.C. 12116, 12117(a), 12134(a), 12186(b), 12188(b). Accordingly, the United States has a substantial interest in the proper resolution of the statutory interpretation question raised in this appeal. In light of that interest, the United States is considering whether amicus participation in this case would be appropriate.

3. At the end of the day on December 21, 2018, the appropriations act that had been funding the Department of Justice expired and appropriations to the Department lapsed. The Department does not know when funding will be restored by Congress.

4. Absent an appropriation, Department of Justice attorneys are prohibited from working, even on a voluntary basis, except in very limited circumstances. See 31 U.S.C. 1342. Although Department attorneys normally would exercise due diligence and work expeditiously to meet this Court's filing deadlines, undersigned counsel has not been able to do any work in connection with this case because of the lapse in appropriations. In addition, the Solicitor General of the United States must approve any participation by the United States as amicus curiae in a court of appeals. See 28 C.F.R. 0.20(c).

5. The United States' proposed extension will enable the Department to develop the government's position, seek the Solicitor General's authorization for any contemplated amicus filing, and complete work on any amicus brief that might be authorized. The proposed extension also will permit time for multiple layers of necessary internal review. The United States' request to file an amicus brief as late as 30 days prior to oral argument in this case, which is tentatively set to occur during the May 2019 calendar, neither prejudices the parties nor delays this Court's resolution of the case.

6. If this motion is granted, counsel for the United States will notify the Court and the parties as soon as funding is restored to the Department of Justice so that the Court may set the briefing deadline for the United States' amicus brief.

7. Undersigned counsel contacted the parties' counsel earlier today to obtain their position on this motion. Plaintiff-Appellant does not oppose this motion. Defendant-Appellee objects to the United States' motion for an extension of time to file an en banc amicus brief in this case.

WHEREFORE, the United States respectfully requests that this Court extend the United States' filing deadline for an en banc amicus brief to: (1) 30 days after funding is restored to the Department of Justice; or (2) 30 days prior to the date of oral argument in May 2019, whichever is sooner.

Respectfully submitted,

ERIC S. DREIBAND
  Assistant Attorney General

s/ Tovah R. Calderon
TOVAH R. CALDERON
ANNA M. BALDWIN
  Attorneys
  U.S. Department of Justice
  Civil Rights Division
  Appellate Section
  Ben Franklin Station
  P.O. Box 14403
  Washington, D.C. 20044-4403
  (202) 514-4142

# CERTIFICATE OF SERVICE

      I hereby certify that on January 18, 2019, I electronically filed the foregoing MOTION OF THE UNITED STATES FOR AN EXTENSION OF TIME TO FILE AN EN BANC BRIEF AS AMICUS CURIAE with the Clerk of the Court for the United States Court of Appeals for the Tenth Circuit by using the Appellate CM/ECF system. All participants in this case are registered CM/ECF users and will be served by the Appellate CM/ECF system.

                                                s/ Tovah R. Calderon  
                                                TOVAH R. CALDERON  
                                                  Attorney